FILED
 2014 Sep-26 PM 02:50
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD BROWNING MCCLAIN,  )<br>  )<br>  Petitioner,   )<br>  )<br>v.   )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>  Respondent.  ) | Case Nos.   2:11-cv-8026-KOB-TMP<br>          2:08-cr-0196-KOB-TMP |

### **O R D E R**

On June 23, 2014, the magistrate judge filed his Report and Recommendation in the above-styled cause, recommending that this motion for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2255 be denied and dismissed. (Doc. 17). Petitioner filed objections on July 31, 2014 (doc. 20), after requesting and receiving an extension of time in which to file his objections (docs. 18 & 19).

In his objections, Mr. McClain essentially reargues his theory of the case. First, he argues that he was convicted of the "crime of receiving wages for work performed then reporting those wages." (Doc. 20 at 7). He presented that theory to the jury, and the jury rejected it. As the Report and Recommendation notes, the Government presented evidence, which the jury accepted, that Mr. McClain performed no work as a consultant or as marketing for the CRC as he claims. The jury heard ample testimony that McClain's claimed "work" was a sham to cover the more than $300,000 in kickbacks or bribes he demanded from Reverend Pettagrue in exchange for directing more than $750,000 in State funds to the CRC. The Eleventh Circuit affirmed his conviction.

Mr. McClain again rehashes his argument that his attorney was ineffective for failing to raise the *Skilling* issue on appeal. Contrary to Mr. McClain's assertion (doc. 20 at 8), had his counsel

raised the issue on appeal, the results would *not* have been different. As the Report and Recommendation discusses, numerous cases since *Skilling* have upheld "honest services" convictions when, as here, the evidence supports a finding of bribes or kickbacks under that charge. (*See* Doc. 17 at 8-12). The law—in the Eleventh Circuit and elsewhere—continues to support the validity of his conviction, and Mr. McClain's objection is not well taken.

Mr. McClain's objection based on his claim of actual innocense as to the money laundering counts also fails. Mr. McClain cannot show actual innocence because he continues to disregard the overwhelming evidence that he never disclosed that the more than $300,000 of the so-called "consultant fees" he required from Reverend Pettagrue were part of the quid pro quo for directing more than $750,000 to the CRC.

Mr. McClain argues that he made no effort to conceal or disguise the nature of the proceeds he received. The Government presented and the jury accepted the overwhelming evidence that he in fact did "conceal and disguised" the nature of the quid pro quo payments when he required that they be disguised as payments for consulting or marketing when the evidence showed that he did neither consulting nor marketing for CRC.

The court does not need to conduct a hearing in this matter; contrary to Mr. McClain's assertion, the evidence does not "preponderate[] sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005). Merely because Mr. McClain disagrees with the facts stated in the Report and Recommendation as to the evidence presented to the jury at his trial does not mean that the Report and Recommendation is "based on erroneous factual findings." (*See* Doc. 20 at 13). The court has carefully reviewed the record and finds that the facts in the Report and Recommendation are based on evidence presented at trial and accepted by the jury when it found that the evidence justified a

verdict of guilty beyond a reasonable doubt. That Mr. McClain does not like those facts, or views them differently, does not make them "erroneous."

The court, therefore, finds that none of Mr. McClain's objections are well taken and overrules them.

Having now carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections, the court finds that the report is due to be and hereby is ADOPTED, and the recommendation is ACCEPTED. Consequently, the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2255 in the above-styled cause is due to be and the same is hereby DENIED and DISMISSED WITH PREJUDICE.

DONE and ORDERED this 26th day of September, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE